## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ALISON K., as mother and best friend of DAMIAN K., | ) ) ) | |
| Plaintiff, | ) ) ) | No. 13 CV 4857 |
| v. | ) ) | Hon. Charles R. Norgle |
| BOARD OF TRUSTEES FOR THE ILLINOIS MATHEMATICS AND SCIENCE ACADEMY, | ) ) ) ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the Court is Defendant Board of Trustees for the Illinois Mathematics and Science Academy's ("IMSA") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

### I. BACKGROUND

**A. Facts**

Following the 2012-2013 school year, Damian K. ("Damian"), the minor son of Plaintiff Alison K. ("Plaintiff") was expelled from the Illinois Mathematics and Science Academy, a state-run residential and educational institution "for [high school] students with extraordinary intellectual capacity." Pl.'s Mot. for a Prelim. Inj. ¶ 9. Plaintiff alleges that prior to his enrollment, the school was informed that Damian had an impairment known as Attention Deficit Disorder ("ADD"). The school nurse would dispense Damian's medication on a daily basis.

On April 25, 2013, Damian admitted to school officials that he had been selling his prescription medication to other students in exchange for "several bags of chips/Cheez-its and/or $3.00 payments." Am. Compl. ¶ 14. Plaintiff admits that Damian sold his pills—a Schedule II

controlled substance—to other students on approximately ten different occasions; however, IMSA contends that it occurred at least twenty different times. Following a dismissal conference on May 6, 2013, Damian was expelled. Approximately one month later, counsel for Plaintiff sent the school a letter stating that "Damian's alleged conduct was likely a manifestation of his disability." Id. ¶ 17. Plaintiff alleges that the letter also requested an "appropriate evaluation" which "Defendants declined to conduct." Id. Plaintiff appealed Damian's dismissal and a hearing was held on June 7, 2013. The appeal was denied four days later on June 11, 2013.

## B. Procedural History

Plaintiff, on behalf of Damian, initiated this suit on July 8, 2013. Plaintiff alleges that IMSA violated Damian's rights under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, the Rehabilitation Act ("Section 504"), 29 U.S.C. § 701, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Plaintiff alleges the following: (1) "IMSA violated its legal obligation under the IDEA to conduct an eligibility evaluation;" (2) "IMSA failed to conduct a manifestation determination review as required by the IDEA;" and (3) "IMSA failed to reasonably accommodate Damian's disability." Am. Compl. ¶ 33. In Count I of the Amended Complaint, Plaintiff requests an injunction enjoining Defendant from enforcing its decision to expel Damian; and in Count III, Plaintiff seeks damages under 42 U.S.C. § 1983 for the alleged violations of the IDEA, Section 504, and the ADA. Count II asks the Court to review the dismissal proceedings before IMSA through a common law *writ of certiorari*.

On July 19, 2013, the Court denied Plaintiff's request for a temporary restraining order. Subsequently, Plaintiff filed a motion for a preliminary injunction on July 24, 2013. On August 23, 2013, Defendant filed a motion to dismiss Counts I and III of Plaintiff's Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss is fully briefed and before the Court. For the following reasons, the motion is granted.

## II. DISCUSSION

### A. Standard of Decision

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, in order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Indep. Trust Corp., 655 F.3d at 934 (internal quotation marks and citation omitted). A plaintiff, however, "can plead [herself] out of court by pleading facts that show that [s]he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted).

### B. Motion to Dismiss

IMSA alleges, *inter alia*, that Plaintiff's complaint should be dismissed because she has not yet exhausted her administrative remedies under the IDEA. An allegation of failure to exhaust administrative remedies under the IDEA is considered an affirmative defense. Mosely v. Bd. of Educ. of the City of Chi., 434 F.3d 527, 533 (7th Cir. 2006). Although a plaintiff is not required to plead facts negating or anticipating an affirmative defense in his or her complaint,

dismissal pursuant to Rule 12(b)(6) is nevertheless appropriate when the allegations and pleadings viewed in a light most favorable to the plaintiff show "that there is no way that any amendment could salvage the claim." Id.

The IDEA generally requires that plaintiffs exhaust the administrative dispute-resolution process outlined in the statute before filing a civil suit. Jamie S. v. Milwaukee Pub Schs., 668 F.3d 481, 487 (7th Cir. 2012). In addition, "any pupil who wants 'relief that is generally available under' the IDEA must use the IDEA's administrative system, even if he invokes a different statute," such as Section 504 or the ADA. Charlie F. v. Bd. of Educ. of Skokie Sch. Dist., 98 F.3d 989, 991 (7th Cir. 1996) (quoting 20 U.S.C. § 1415(f)). The IDEA provides:

> Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.

20 U.S.C. § 1415(l). Thus, before filing suit, a plaintiff must request and participate in an IDEA impartial due process hearing and any appeal which may follow. See 20 U.S.C. §§ 1415(f), (g). There is, however, an exception to this rule: "'Parents may bypass the [IDEA] administrative process where exhaustion would be futile. . . .'" McCormick v. Waukegan Sch. Dist. No. 60, 374 F.3d 564, 568 (7th Cir. 2004) (quoting Honig v. Doe, 484 U.S. 305, 327 (1988)). Exhaustion is required when the injuries alleged by the plaintiff "could be redressed to some degree by the IDEA's administrative procedures and remedies." Id. (quoting Robb v. Bethel Sch. Dist., 308 F.3d 1047, 1054 (9th Cir. 2002) (collecting cases)). For example, lost educational opportunities are injuries that can be remedied by the IDEA and therefore require administrative exhaustion. Id. "On the other hand, if the plaintiff has alleged injuries that cannot

be redressed to any degree by the IDEA's administrative procedures," i.e., when a claim is brought solely to redress physical injuries, "then it would be futile to exhaust, and the disabled individuals can bring their disputes directly to court." Id. (internal quotation marks and citation omitted).

Here, it is undisputed that Plaintiff did not request an IDEA impartial due process hearing before filing suit.[1]  Instead, Plaintiff maintains that exhaustion would be futile because by the time the administrative process would conclude, "Damian's high school life will be over." Pl.'s Resp. to Def.'s Rule 12(b)(6) Mot. to Dismiss.  During his appeal, Damian referred to his dismissal as a "death sentence" and that his education would "shrivel up and die" if he is not allowed to return to IMSA.  Compl. Ex. 3, at p. 5.  Significantly, Damian's expulsion from IMSA does not prevent him from attending his local public high school or any other private school of his choosing.  In any event, Plaintiff argues that it would be futile to pursue administrative remedies in an attempt to regain admission to IMSA because, while doing so, Damian will be deprived of IMSA's unique educational opportunities.

In support of his contention that exhaustion would be futile, Plaintiff cites Washington v. Indiana High School Athletic Association Inc., 181 F.3d 840 (7th Cir. 1999).  There, the plaintiff sought an exemption based on his alleged disability in order to continue playing basketball for the high school team beyond the eight consecutive semesters provided for in the rules.  Id. Plaintiff argues:

> The Seventh Circuit Court of Appeals . . . affirmed the issuance of a preliminary injunction without requiring exhaustion because the Court realized exhaustion would be futile due to the length of time the administrative process would take to

---

[1] Plaintiff admits that, although she requested a Section 504 due process hearing on July 3, 2013, she has not requested an IDEA due process hearing.  See Decl. ¶ 4 [Doc. No. 18] (filed Aug. 15, 2013) ("I did say that I was looking for a due process hearing pursuant to section 504.  I did not specifically ask for an IDEA due process hearing.").

> complete (i.e., the basketball season would be over before the student could complete the administrative process).

Pl.'s Reply to Def.'s Resp. to Pl.'s mot. for a Prelim. Inj., at p. 3 (emphasis added). This artful interpretation of <u>Washington</u>, however, is disingenuous and arguably sanctionable. In <u>Washington</u>, the issues of exhaustion and futility were <u>not</u> before the court and it <u>never</u> found that it would have been futile for the plaintiff to complete the administrative process because basketball season would be over before the process concluded. Contrary to Plaintiff's contention, the Seventh Circuit requires administrative exhaustion for precisely the type of injury alleged here, lost educational opportunities. <u>See McCormick</u>, 374 F.3d at 568. Therefore, Plaintiff must exhaust the administrative process under the IDEA, i.e., request an IDEA due process hearing, before filing suit in this Court.

In addition, the Court notes that the "stay-put" provision of the IDEA, which operates as a statutory injunction, is inapplicable in this case where there are no proceedings pending under the IDEA administrative process. <u>See</u> 20 U.S.C. § 1415(j) ("[D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local education agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child."); <u>see also</u> <u>Rodiriecus L. v. Waukegan Sch. Dist. No. 60</u>, 90 F.3d 249, 252 (7th Cir. 1996) ("[T]he Act mandates that during the pendency of the often lengthy administrative and judicial appeals process, the disabled child is to remain in his or her then current educational program."). Because Plaintiff has failed to exhaust the administrative process, IMSA's motion to dismiss Counts I and III is granted.

## III. CONCLUSION

For the foregoing reasons, IMSA's motion to dismiss Counts I and III is granted. Because Count I is dismissed, Plaintiff's motion for a preliminary injunction is denied as moot at this time.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: November 25, 2013